IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES R. JOHNSON, an individual,

    Plaintiff,

v.

STEVEN L. MYERS, an individual dba MYERS ENGINEERING INTERNATIONAL, INC., a business entity believed to be incorporated, STEPHEN A. BURKE, an individual, VORTIS TECHNOLOGY, LTD., a corporation duly organized under the laws of Great Britain, MYERS JOHNSON INC., a California corporation, and DOES 1–50,

    Defendants.

No. C 17-02154 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

This is a sequel lawsuit to litigation lost by our plaintiff five years ago, recast as a quiet title action. This order holds that the claims asserted may not be resurrected.

**STATEMENT**

In January 2011, plaintiff James R. Johnson and eighteen other shareholder plaintiffs filed an action in federal court in San Jose against defendants Steven Myers and Myers Engineering International, Inc. ("MEI") (*see* Def.'s RJN, Exhs. 1–3). *Johnson v. Myers,* No. C-11-00092 WHA ("*Johnson I*"). That complaint asserted claims for (1) breach of fiduciary duty, (2) misrepresentation and concealment, (3) fraudulent misrepresentation and concealment,

(4) negligence, (5) breach of contract, (6) violation of Section 17200 of the California Business and Professions Code, and (7) conversion (Exh. 1). The claims derived from the allegedly fabricated insolvency of Scottish company Vortis Technology, Ltd., which Myers allegedly orchestrated to fraudulently transfer the company's technology to himself.*

Judge Jeremy Fogel held British law applied to all claims except plaintiffs' breach of contract claim because they were based upon Myers's activities as director or manager of Vortis and concerned the internal affairs of Vortis. Judge Fogel therefore dismissed those claims without leave to amend because plaintiffs could not bring a derivative claim under British law "[o]nce a company has been dissolved or ceased to exist." The plaintiffs "were required to seek remedy . . . through the liquidator during the liquidation proceeding" (Exh. 2 at 16).

Judge Fogel also dismissed the breach of contract claim under California law because plaintiffs failed to show that they made the necessary demands to Vortis's board to take action (*id.* at 17). The order also concluded that the complaint failed to mention defendant MEI and therefore dismissed it with leave to amend as to MEI for lack of personal jurisdiction. The initial complaint was dismissed with leave to amend regarding the issue of intra-district venue because it was filed in San Jose. It was then reassigned to the undersigned judge.

After additional briefing, the undersigned judge found that further amendment of the breach of contract claim would be futile. The plaintiffs did not show that any shareholder made a demand upon Vortis or the liquidators regarding a breach of contract claim as required for a derivative claim on behalf of Vortis. The claim was dismissed without leave to amend (Exh. 3). That occurred in 2012.

Fast forward five years. Johnson filed the instant complaint in the Superior Court of California, County of San Mateo (Dkt. No. 1). He again named Myers and MEI as defendants and added Stephen A. Burke, Vortis Technology, Ltd., Myers Johnson, Inc. ("MJI"), and Does 1 through 50 as defendants. To the extent comprehensible, the complaint asserts claims for

---

\* Defendants request judicial notice of three records (Dkt. Nos. 1, 26, and 68) from *Johnson I*. Johnson does not oppose and also makes muddled references to Dkt. Nos. 26 and 68 in his complaint (*see* No. C 17-02154 WHA, Dkt. No. 1 at 13–15). Defendants' request is **GRANTED.**

2

(1) declaratory relief, (2) quiet title, and (3) violation of Section 8723 of California's Corporation Code (*see* Dkt. No. 1 at 7, 10, 13–14, 16–18).

In April 2017, Myers and MEI removed the action to federal court. As of the date of this order, the other defendants have not been served (Dkt. No. 1 at 2). Myers and MEI now move to dismiss the action for failure to state a claim. This order follows full briefing and oral argument.

**ANALYSIS**

### 1. LEGAL STANDARDS.

To survive a motion to dismiss, a plaintiff's claim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court generally "may not consider any material beyond the pleading," *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1999), it "may consider material . . . relied upon in the complaint" or "subject to judicial notice." *Ellis v. Phillips & Cohen Assocs., Ltd.*, No. 5:14-CV-05539-EJD, 2015 WL 4396375, at *2 (N.D. Cal. July 17, 2015) (Judge Edward Davila) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001)).

### 2. PLAINTIFF'S CLAIMS.

*First*, Johnson clarified during oral arguments that he seeks declaratory judgment that the sale of Vortis's assets was a voidable, fraudulent transfer. That claim, however, would be barred by issue preclusion. An issue cannot be relitigated when "(1) the issue decided in the prior adjudication is substantially identically to the issue in the subsequent action, (2) there was a final judgment on the merits, and (3) the party against whom estoppel is asserted was a party . . . in the first action." *Durkin v. Shea & Gould*, 92 F.3d 1510, 1516 (9th Cir. 1996). The facts alleged by Johnson in support of his claim for declaratory relief also formed the gravamen of the derivative claims in *Johnson I* (*see* Exh. 1). There, as here, Johnson accused Myers and Burke of fabricating Vortis's insolvency in order to fraudulently transfer its assets (Dkt. No. 1 at 14–15). Additionally, as stated, Johnson was a party to *Johnson I*, which was dismissed without leave to

amend because Johnson lacked standing to sue on behalf of Vortis. In short, Johnson's claim for declaratory relief is barred by issue preclusion.

*Second*, Johnson seeks to quiet title under California law with respect to the Vortis brand/trademark, U.S. Patent No. 6,031,495 (a Low Specific Absorption Rate Patent), and U.S. Patent No. 6,844,854 (Interferometric Antenna Array) on the basis that he is one of 39 former MJI shareholders and the "founder, developer, author, fund raiser and leader of the invention ['854 patent]" (*id.* at 7). He does not allege that he is the owner but rather that he has an interest in an entity, MJI, that is the alleged holder. Moreover, counsel for Johnson admitted during oral argument that MJI sold to Vortis, which seemingly contradicts allegations made in the complaint (*see* Dkt. No. 1 at 3–4). These allegations, however, fail to establish at least one of the essential elements of a quiet title action — the basis of the title. *See* Cal. Civ. Proc. Code § 761.020. The mere fact that Johnson is a former shareholder, founder, and inventor would not establish his personal entitlement to the assets in question.

*Third*, Johnson asserts a claim based on Section 8723 of the California Corporations Code, a statute that authorizes actions against persons who receive the assets of dissolved mutual benefit corporations. The complaint, however, alleges no facts indicating MJI was a mutual benefit corporation subject to Section 8723. The complaint therefore fails to state a facially plausible claim based on Section 8723.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. By **JULY 14 AT NOON**, plaintiff may move to file an amended complaint. Any such motion shall show cause why plaintiff's claims are not barred by the applicable statute of limitations and shall include as an exhibit a redlined version of the proposed amended complaint that clearly identifies all changes from the initial complaint. This order has elucidated certain items missing from the initial

4

complaint. But it will not be enough to add a sentence parroting each missing item identified herein. In the proposed amended complaint, plaintiff must plead his best case.

**IT IS SO ORDERED.**

Dated: June 30, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE